No. 2921
Second Circuit

---

## PATTERSON v. JOHNSON

(November 10, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)
ON MOTION TO DISMISS APPEAL
1. **Louisiana Digest—Appeal—Par. 518, 535.**
Where the case was remanded for the completion of the record to be returned in thirty days and no action was taken to have the record completed, the appeal is considered abandoned and, therefore, dismissed.

Appeal from the Tenth Judicial District Court of Louisiana, Parish of Natchitoches. Hon. John F. Stephens, Judge.

Action by Isam Patterson against L. H. Johnson.

Appeal dismissed on motion.

James W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellant.

Rusca & Cunningham, of Natchitoches, attorneys for defendant, appellee.

ON MOTION TO DISMISS APPEAL
WEBB, J.   On January 14, 1927, the plaintiff obtained an order of appeal returnable to this court on February 7, 1927, and a transcript was filed here on that date.

The cause was fixed for hearing on May 31, 1927, and, on the case being called, the parties suggested that the transcript was not complete and an order was entered on the minutes as follows:

"The transcript in this case not being complete, it is ordered that the case be remanded to the District Court for completion of the record as the law provides, and that appellant be given thirty days in which to have the transcript completed and filed in this court."

On the expiration of the period given, the appellant having failed to file the record in this court, appellee moved to dismiss the appeal, and the motion to dismiss was fixed for hearing on October 3, 1927, when the parties submitted the cause without argument or briefs.

It does not appear from our minutes what was the cause of the failure to file the record. It was stated, however, when the cause was remanded for completion of the transcript, that the notes of evidence

taken on the trial had not been filed in the trial court, and the order of remand provided for the completion of the record and for it to be transmitted to this court.

The completion of the record is a matter peculiarly within the jurisdiction of the trial court, and it does not appear that any action has been taken to have that court complete the record, and no proceedings have been taken in that court to have the record completed and transmitted to this court; neither has any order been requested for the return day to be extended; and under the circumstances we are of the opinion that the appeal should be considered as having been abandoned.

It is therefore ordered that the appeal be dismissed.